# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MARK METZLER, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **JURY TRIAL DEMANDED** |
| vs. | |
| VERDE ENERGY USA, INC., | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT

1. Plaintiff Mark Metzler brings this action against Defendant Verde Energy USA Inc., ("Defendant" or "Verde Energy") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Defendant's knowing and willfully violations.

3. To gain an advantage over its competitors and increase its revenue, Defendant engages in unsolicited telemarketing, with no regard for consumers' privacy rights.

4. This case arises from Defendant's transmission of prerecorded messages to the cellular telephones of Plaintiff and others, promoting Defendant's services and goods.

5. Defendant is an energy supply company. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process

6. Indeed, Verde Energy USA Inc., has already been sued for alleged TCPA violations.[1]

7. Defendant knows or should know that its prerecorded calls are placed to non-consenting residential telephone subscribers. Ultimately, Defendant is responsible for verifying telephone number ownership and obtaining consent before placing prerecorded calls to residential telephone subscribers.

8. Defendant was, and is, aware that its unsolicited prerecorded calls were, and are, unauthorized as it fails to obtain prior express written consent before placing those calls to consumers. Ultimately, consumers are forced to bear the costs of receiving these unsolicited prerecorded calls.

9. By placing the unsolicited prerecorded calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasions of privacy that result from the sending and receipt of such prerecorded calls, a loss of value realized for the monies consumers paid to their carriers for the receipt of such prerecorded calls, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

10. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

---

[1] *See Schley v. Verde Energy USA Inc.*, Case No. 2:17-cv-00887-WB, in the U.S. District Court for the Eastern District of Pennsylvania

## JURISDICTION AND VENUE

11. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

12. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, on information and belief, Defendant has sent the same calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Texas.

## PARTIES

13. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Philadelphia County, Pennsylvania.

14. Defendant, Verde Energy, is a corporation incorporated under the laws of the State of Texas, with its principal place of business located at 12140 Wickchester Lane Ste 100, Houston, TX 77079.

## THE TCPA

15. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

16. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

17. The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

18. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

19. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

21. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

22. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

23. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

24. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

25. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

26. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

27. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

28. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## **FACTS**

29. Verde Energy provides energy services to consumers.

30. Verde Energy uses telemarketing to promote its products and solicit new clients.

31. These telemarketing efforts include the use of automated calls to send prerecorded messages.

32. The company engages in use of this equipment because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, or on an hourly basis, only talk to individuals who respond. Therefore, the Defendant shifts the burden of wasted time onto consumers.

33. Plaintiff Metzler is the registered account owner and regular user of the telephone number ending in 3278 (the "3278 Number").

34. On or about December 28, 2019 at 12:13pm, Plaintiff received an unsolicited, prerecorded phone call on his cellular telephone number from, or on behalf of Defendant.

35. The call came from number (215) 619-9124 and used a pre-recorded voice and stated that Defendant was calling to offer Plaintiff discounted electricity and natural gas.

36. Plaintiff pressed "1" to speak with a live person and was connected with one of Defendant's telephone representatives.

37. The phone representative, Tom, identified he was calling from Verde Energy and told Plaintiff he could receive a 20% discount on his electric bill.

38. After the initial call at 12:13 pm, Plaintiff receive another unsolicited, prerecorded phone call on his cellular telephone number from, or on behalf of Defendant.

39. Plaintiff received another call on December 28, 2019 at 12:21pm from number (111)-111-1111.

40. Plaintiff spoke to another representative that identified he was calling from Verde Energy to obtain his PECO information.

41. The prerecorded calls at issue were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

42. Defendant's prerecorded calls constitutes telemarketing because they encouraged the future purchase or investment in property, goods, and/or services, i.e., requesting that Plaintiff switch his gas and electric utility over to Defendant.

43. The prerecorded calls Plaintiff received originated from telephone numbers (111) 111-111 and (215)-619-9124, which are numbers owned and/or operated by or on behalf of Defendant.

44. Plaintiff received the subject calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded calls to be sent to individuals residing within this judicial district.

45. At no point in time did Plaintiff provide Defendant with his express consent to be contacted with a prerecorded call.

46. Plaintiff is the subscriber and sole user of the 3278 Number and is financially responsible for phone service to the 3278 Number.

47. Plaintiff has been registered with the national do-not-call registry since 2010.

48. Defendant's unsolicited prerecorded call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's prerecorded call also inconvenienced Plaintiff and caused disruption to his work-day as he received the prerecorded messages while at work. *See Patriotic Veterans, Inc. v. Zoeller,* No. 16- 2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

49. By placing the prerecorded calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the prerecorded call disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

50. Defendant's voice message took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that text message solicitations similar to the voice message sent by Defendant present a "triple threat" of identity theft, unwanted cell phone charges, and slower cell phone performance).

51. Defendant's voice message also can slow cell phone performance by taking up space on the recipient phone's memory. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that spam text messages, much like spam voice messages, can slow cell phone performance by taking up phone memory space).

## CLASS ALLEGATIONS

### PROPOSED CLASS

52. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

53. Plaintiff brings this case on behalf of a Class defined as follows:

**No Consent Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a prerecorded message, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express written consent.**

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a prerecorded message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

54. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

55. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

56. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

57. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency prerecorded telemarketing calls to Plaintiff's and Class members' cellular telephones;

(2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant is liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

58. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits automated or prerecorded calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

59. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### ADEQUACY

60. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

61. In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, including those involving violations of the TCPA. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

62. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is

economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

63. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Class)**

64. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

65. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

66. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

67. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

68. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

69. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

70. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

71. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

### COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
(On Behalf of Plaintiffs and the Class)

72. Plaintiff re-allege and incorporates paragraphs 1-63 as if fully set forth herein.

73. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

74. Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls, and knew or should have known that its conduct was a violation of the TCPA.

75. Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

76. As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
### Violation of the TCPA, 47 U.S.C. § 227
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

77. Plaintiff repeats and realleges the paragraphs 1 through 63 of this Complaint and incorporates them by reference herein.

78. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

79. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

80. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

81. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

82. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

83. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

84. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Metzler on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

Dated: March 25, 2020

**SHAMIS & GENTILE, P.A.**
Angelica M. Gentile, Esq.
Texas Bar No. 24112322
agentile@shamisgentile.com
14 NE 1st Avenue, Suite 1205
Miami, Florida 33132
Telephone: 305-479-2299

**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: 954.400.4713
*(Pro hac vice forthcoming)*

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
Telephone: 305-975-3320
*(Pro hac vice forthcoming)*

*Counsel for Plaintiff and the Class*